

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**DERRICK T. MOORE,** )
**SAMANTHA YOUNG**, )
42 Stephen Street  P.O. 651     )
Municipality of Lemont/Cook County )
Republic of Illinois  [60439] )
(815) 528-0292 )
)
)
*Self-Represented* Plaintiffs, )
)
-vs- )
)
**JPD POLICE OFFICER,  M. BANAS** )
**Star # 325,** sued in his individual and )
personal capacity as a agent, employee )
and/or servant of the Joliet Police )
Department, )
**JPD OFFICER, ERIC PAYNE**, )
Star # 141, sued in his individual and )
personal capacity as an agent, employee )
and/or servant of the Joliet Police )
Department, )
**JOLIET POLICE DEPARTMENT**, )
sued in it official capacity as a wing of )
the Municipality of Joliet )
150 West Washington Street )
Municipality of Joliet, IL  60432 )
(815) 724-3100 )
)
**FRANKLIN D. BURKEY**, sued in his )
individual and personal capacity as a )
agent, servant and/or employee of )
Joliet Township Animal Control )
**SARAH GIMBEL**, sued in her individual )
and personal capacity as an agent, servant, )
and/or employee of the Joliet Township )
Animal Control, )
)
**NIKKI ORMSBY**, sued in her individual )
and personal capacity as a Pitbull Advocate )
at Animal Advocacy volunteering at )

*w/*

# RECEIVED

AUG 1 2 2019

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

19cv5425
Judge Jorge L. Alonso
Magistrate Judge Sheila M. Finnegan

Joliet Township Animal Control )
**JOLIET TOWNSHIP (ANIMAL** )
**CONTROL),** sued in its official )
capacity as wing of Joliet Township )
2807 McDonough Street )
Municipality of Joliet, IL. 60436 )
                                                                         )
**KIMBERLY A. FLADHAMMER,** sued )
in her individual and personal capacity )
as an agent, servant and employee of )
the Will County State's Attorney )
Office )
**JACLYN J. HILDERBRAND**, sued in )
Her individual and personal capacity as )
an agent, servant and/or employee of )
the Will County State's Attorney Office**,** **)**
**CHELSEA R. SELVEY**, sued in her )
individual and personal capacity as a )
agent, servant and/or employee of the )
Will County State's Attorney Office )
57 North Ottawa Street )
Municipality of Joliet, IL. 60432 )
(815) 727-8453 )
                                                                         )
**CHENOA AVERY**, sued in her )
individual and personal capacity as a )
agent, servant and/or employee of the )
Will County Public Defender's Office, )
**TONY PURRAZZO,** sued in his )
individual and personal capacity as an )
agent, servant and/or employee of the )
Will County Public Defender Offices )
**ARISTOTELIS THEODOROU**, sued )
in his individual and personal capacity )
as an agent, servant and/or employee )
of the Will County Public Defender's )
Office, )
58 East Clinton Street )
Municipality of Joliet, IL. 60432 )
(815) 727-8666 )
                                                                         )

2.

**PAUL GONZALEZ**, Star #2076, sued )
in his individual and personal capacity )
as an agent, servant and/or employee )
of the Will County Sheriff Department )
16911 West Laraway Road )
Township of Joliet, IL. 60433 )
(815) 727-8575 )
)
**UNKNOWN WILL COUNTY** )
**DEPUTY SHERIFF POLICE** )
**OFFICERS,** sued in their individual )
and personal capacity as agents, servants )
and/or employees of the Will County )
Sheriff's Department )
  Laraway Road )
Joliet, Illinois 60433, )
)
          Defendants. )

### *VERIFIED COMPLAINT*

*NOW COMES* the *Self-Represented* Plaintiffs, **DERRICK T. MOORE** ("Moore"),

and complaining of defendants **M. BANAS** ("Banas"), **FRANKLIN D. BURKEY** ("the
Department") **FRANKLIN D. BURKEY**

("Burkey"), **SARAH GIMBEL** ("Gimbel") **NIKKI ORMSBY** ("Ormsby"), and

JOLIET TOWNSHIP ANIMAL CONTROL ("The Township"). And, *NOW COMES* the

Self-Represented Plaintiff, **DERRICK T. MOORE** (Moore") and complaining of

defendants **KIMBERELY A. FLADHAMMER** (Fladhammer"), **JACLYN J.**

**HILBERBRAND** ("Hilderbrand"), **CHELSEA R. SELVEY**(Selvey"), **CHENOA**

**AVERY** (Avery"), **TONY PURRAZZO** ("Purrazzo") and **ARISTOTELIS**

**THEODOROU** ("Theodorou"). And, *COMES NOW* the Self-Represented Plaintiffs

**DERRICK T. MOORE** ("Moore") and **SAMANTHA R. YOUNG** ("Young")

3.

and complaining of defendant **PAUL GONZALES** ("Gonzales"), and complaining

of unknown **WILL COUNTY SHERIFF DEPUTY POLICE OFFICERS** ("Officers").

## I.   *P R E L I M I N A R Y   S T A T E M E N T*

This action is brought pursuant to Title 42 U.S.C. Section 1983 and Title 42 U.S.C.

Section 1985(3) seeking Compensatory and Punitive damages against defendants M.

Banas, and  Eric Payne for deprivation of rights while acting "Under the Color" of state

law as Police Officers of defendant Joliet Police Department for deprivation of rights

guaranteed under the 4th & 14th Amendments of the Constitution for the United States of

America, and seeking Compensatory, Consequential, General and Future damages

against Franklin D. Burkey, Sarah Gimble, Nikki Ormsby  for deprivation of rights

guaranteed under the 4th, 5th  & 14th Amendments of the Constitution for the United

States of America while acting "Under the Color" of state law as agents, servants and/or

employees of defendant Joliet Township Animal Control, and seeking Compensatory,

General, Consequential and Punitive damages against defendants Kimberly A.

Fladhammer, Jaclyn J. Hilderbrand and Chelsea R. Selvey, for deprivation of rights

guaranteed under the 8th & 14th Amendment of the Constitution for the United States of

America while acting "Under the Color" of state laws as agents, servants and employees

of Will County State's Attorney Office, and seeking Compensatory, General and Punitive

damages against defendants Chenoa Avery, Tony Purrazzo and Aristotelis Theodorou

for deprivation of rights guaranteed under the 5th & 14th Amendments of the Constitution

for the United States of America while acting "Under the Color" of state law as agents,

servants and/or employees of Will County Public Defender's Office, and seeking

Compensatory, Consequential, General and Punitive damages against defendant Paul

4.

Gonzalez for deprivation of rights guaranteed under the 4th & 14th Amendments of the

Constitution for the United States of America while acting "Under the Color" of law as

an agent, servant and/or employee of Will County Sheriff Department.

   Plaintiffs Derrick Moore and  Jacob P. Moscote contend that  defendants   M. Banas,

Eric Payne, Franklin D. Burkey, Sarah Gimble and Nikki Ormsby served as contributory

participants in a conspiracy and scheme to deprive and interfere with their rights to

pursue their chosen occupation of interest to improve their life chances and prospects.

    Plaintiff Derrick Moore contend that defendants Kimberly A. Fladhammer, Jaclyn J.

Hilderbrand, Chelsea R. Selvey, Chenoa Avery, Tony Purrazzo and Aristitelis Theodorou

served as contributory participants in a conspiracy and scheme to subject him to arbitrary

and capricious criminal prosecution proceedings and to subject him to a form of cruel and

unusual punishment for allegedly committing a Criminal Misdemeanor offense which

never occurred.

   Plaintiffs Derrick Moore and Samantha R. Young contend that defendant Paul

Gonzales engaged in an act of retaliation against them in furtherance of the conspiracy

and scheme involving defendants M. Banas, Eric Payne, Franklin D. Burkey, Sarah

Gimble and Nikki Ormsby

   Plaintiffs Derrick T. Moore, and Samantha R. Young further contend that  the
unknown

Will County Sheriff Deputy Police  Officers did not have any probable cause or any other

lawful justification to trespass into the 1912 East  Washington Street  premises, and we

honestly and in good faith believe that we are entitled to federal court remedial action.

5.

## II.  *J U R I S D I C T I O N*

2.   This action is brought pursuant to Title 42 U.S.C. Section 1983 and Title 42 U.S.C. Section 1985(3) and the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitution for the United States of America. Jurisdiction is founded upon Title 28 U.S.C. Section 1331, 1341(3) and (4), and 1343, and the aforementioned constitutional provisions.

## III.  *V E N U E*

3.   Venue is proper in this district pursuant to Title 28 U.S.C. Section 1391(b) because this is a civil action that is not founded solely on diversity of citizenship, and this district is where a substantial part of the events giving rise to this claim accrued, as well as the district where defendant Joliet Township Animal Control Center's responsible personnel are employed, and this district is where defendants Bana, Payne and Joliet Police Department are employed and situated, and is the district where defendants Kreutzer, Selvey, Purrazzo, Avery and Fladhammer are employed and reside, and this district is where defendant Unknown Will County Sheriff Deputy Police Officers are employed and reside.

## IV.  *P A R T I E S*

4.   The *Self-Represented* Plaintiff, **DERRICK T. MOORE**  (sometimes hereinafter referred to as Plaintiff "Moore" at all relevant times mentioned hereinafter) is a

natural person and he is a 14th Amendment Black African American citizen of the

United States of America, and he is a life long resident of the State of Illinois who

previously resided at 1912 East Washington Street in the Township of Joliet who

6.

currently resides in the Municipality of Joliet, Illinois, and he

is the owner of the dogs which were seized by the Joliet Township Animal Control via

defendants Banas and Payne.

5.      The *Self-Represented* Plaintiff, **SAMANTHA R. YOUNG** (sometimes hereinafter

referred to as Plaintiff "Young" at all relevant times mentioned hereinafter) is a natural

person and is a Caucasian American female citizen of the United States of America and

she is a life long resident of the State of Illinois who previously resided at 1912 East

Washington Street in the Township of Joliet, Illinois, and who presently resides at

in the Municipality of Joliet, Illinois 60431.

6.      The Defendant, **M. BANAS** (sometimes hereinafter referred to as defendant

"Banas" at all relevant times mentioned hereinafter) is a duly appointed and sworn peace

officer for the City of Joliet Police Department. During the date of the incident in

question, defendant Banas was acting outside of the course and scope of his employ-

ment with defendant Joliet Police Department. Defendant Banas is being sued in his

individual and personal capacity as an agent, servant and/or employee of the Joliet
Police

Department.

7.      The Defendant, **ERIC PAYNE**(sometimes hereinafter referred to as defendant

"Payne" at all relevant times mentioned hereinafter) is a duly appointed and sworn peace

officer for the City of Joliet Police Department. During the date of the incident in

question, defendant Payne was acting outside of the course and scope of his employment with defendant Joliet Police Department. Defendant Payne is being sued in his individual and personal capacity as an agent, servant and/or employee of defendant Joliet Police Department.

7.

8. The Defendant, **JOLIET POLICE DEPARTMENT** (sometimes hereinafter referred to as defendant "Department" at all time mentioned hereinafter) is a local Law Enforcement Agency organized and existing under the Laws of the State of Illinois and located in the County of Will, and is the employer of defendants Banas and Payne, and, as such, is totally liable for the conduct of defendant Banas and Payne. Defendant Joliet Police Department is being sued in its official capacity as a local Law Enforcement Agency.

9. The Defendant, **FRANKLIN D. BURKEY** (sometimes hereinafter referred to as defendant "Burkey" at all relevant times mentioned hereinafter) is an employee of the Joliet Township Animal Control Center. When engaged in the conduct complained of during the incident in question, defendant Burkey was acting outside of the course and scope of his employment with Joliet Township Animal Control Center. Defendant Burkey is being sued in his individual and personal capacity as an agent, servant and/or employee of Joliet Township Animal Control Center.

10. The Defendant, **SARAH GIMBEL** (sometimes hereinafter referred to as defendant "Gimbel" at all relevant times mentioned hereinafter) is an employee of the Joliet Township Animal Control Center. When engaged in the conduct complained of

during the incident in question, defendant Gimbel was acting outside of the course and

scope of her employment with Joliet Township Animal Control Center. Defendant

Gimbel is being sued in her individual and personal capacity as an agent, servant and/ or

employee of Joliet Township Animal Control Center.

8.

11.    The Defendant, **NIKKI ORMSBY** (sometimes hereinafter referred to as

defendant "Ormsby" at all relevant times mentioned hereinafter) is an employee of the

Joliet Township Animal Control Center. When engaged in the conduct complained of

during the incident in question, defendant Ormsby was acting outside of the course and

scope of her employment with Joliet Township Animal Control Center. Defendant

Ormsby is being sued in her individual and personal capacity as an agent, servant and/ or

employee of Joliet Township Animal Control Center.

12.    The Defendant, **KIMBERELY A. FLADHAMMER** (sometimes hereinafter

referred to as defendant "Fladhammer" at all relevant times mentioned hereinafter) is

Assistant state's attorney for the Will County State's Attorney Office. When engaged in

the conduct complained of during the incidents in question, defendant Fladhammer was

acting outside of the course and scope of her employment with the Will County State's

Attorney Office. Defendant Fladhammer is being sued in her individual and personal

capacity as an assistant state's attorney.

13.    The Defendant, **JACLYN J. HILBERBRAND** (sometimes hereinafter referred to

as defendant "Hilberbranad" at all relevant times mentioned hereinafter) is assistant

state's attorney for the Will County State's Attorney Office. When engaged in the

conduct complained of during the incidents in questioned, defendant Hilberbrand was

acting outside of the course and scope of her employment with the Will County State's

Attorney Office. Defendant Hilberbrand is being sued in her individual and personal

capacity as an assistant state's attorney.

14.    The Defendant, **CHELSEA R. SELVEY** (sometimes hereinafter referred to as

defendant "Selvey" at all relevant times mentioned hereinafter) is assistant state's

                                           9.

attorney for the Will County State's Attorney Office. When engaged in the conduct

complained of during the incidents in question, defendant Selvey was acting outside of

the course and scope of her employment with the Will County State's Attorney Office.

Defendant Selvey is being sued in her individual and personal capacity as an assistant

state's attorney.

15.    The Defendant, **CHENOA AVERY** (sometimes hereinafter referred to as

defendant "Avery" at all relevant times mentioned hereinafter) is an Assistant public

defender for the Will County Public Defender's Office. When engaged in the conduct

complained of during the incident in question, defendant Avery was acting outside of

the course and scope of her employment with the Will County Public Defenders' Office.

Defendant Avery is being sued in her individual and personal capacity as an agent,

servant and/or employee of the Will County Public Defenders' Office.

16.    The Defendant, **TONY PURRAZZO** (sometimes hereinafter referred to as

defendant "Purrazzo' at all relevant times mentioned hereinafter) is an assistant public

defender for the Will County Public Defenders' Office. When engaged in the conduct

complained of during the incident in question, defendant Purrazzo was acting outside of

the Course and scope of his employment with the Will County Public Defenders' Office.

Defendant Purrazzo is being sued in his individual and personal capacity as an agent,

servant and/or employee of the Will County Public Defenders' Office.

17.     The Defendant, **ARISTOTELIS THEODOROU** (sometimes hereinafter referred

 to as defendant "Theodorou" at all relevant times mentioned hereinafter)

18.     The Defendant, **PAUL GONZALEZ** (sometimes hereinafter referred to as

 defendant "Gonzalez" at all relevant times mentioned hereinafter) is a duly appointed

10.

and sworn Sheriff Deputy Police Officer for  the Will County Sheriff Department. When

engaged in the conduct complained of, defendant Gonzalez was acting outside of the

course and scope of his employment with the Will County Sheriff's Department.

Defendant Gonzalez is being sued in  his individual and personal capacity as a Will

County Sheriff Deputy Police  Officer.

19.     The Defendants, **UNKNOWN WILL COUNTY SHERIFF DEPUTY POLICE**

**OFFICERS** (sometimes hereinafter referred to as defendant "Officers" at all relevant

times mentioned hereinafter) are duly appointed and sworn Sheriff Deputy Police

Officers for the Will County Sheriff Department. When engaged in the conduct

complained of defendants Officers were acting outside  of the course  and scope of their

employment with the Will  County Sheriff Department. Defendants Officers are  being

sued in their individual and personal capacity as agents, servants and/or  employees of the

Will County Sheriff Department.

20.

## V.   STATEMENT OF FACTS
### Declaration of Derrick Moore and Samantha Young
### Pursuant to Title 28 U.S.C. Section 1746

21.   We, Derrick Moore and Samantha Young declare if called upon could competently testify to the following facts from our own personal knowledge.

11.

22.   During the year of 2013, as a price of $400.00. I, plaintiff Moore purchased in the City of Harlingen, Texas, a American Pit Bull Terrier as a puppy which I named Silver.

23.   During the year 2015. I, plaintiff More obtained from the litter of my American Bully male dog a female puppy which I named Zina, as well as obtained from the same litter a male puppy which I named Smokey initially owned by my cousin, Stanley Malone.

24.   During the year 2016, I, plaintiff Moore along with plaintiff Jacob D. Mascote, co-purchased a registered American Bully Puppy,, which we had named, Heart.(A true and accurate copy of the ABKC Application for Permanent Registration for the American Bully puppy, Heart is attached hereto and made part of this verified complaint, labeled "Exhibit A" is attached to this verified complaint).

25.   During the year 2017, I, plaintiff Moore came into personal possess of twelve additional dogs from the litters between breeding Smokey with Silver, and breeding Smokey with an American Pit Bull Terrier, which I had named Roxanne.

26.   Smokey was grey pit bull Terrier, and Roxanne was a brindle pit bull terrier, and I sought to bring about a grey brindle pit bull Terrier between the mating of Smokey and

Roxanne.

27.    Prior to the 24th day of August, 2017, I, plaintiff Moore, was in personal

possession of exactly twelve dogs with the oldest one being four years old and the

youngest one being six weeks old.

28.    On or about the 24th day of August, 2017, while shopping at Wal-Mart, I, plaintiff

Moore purchased Puppy Chow and Beneful Original dog food for my several dogs. (A

true and accurate copy of the purchased dog food receipts, as well as pictures of the dog

12.

food products, and a copy of the Chase Bank 's statement are attached hereto and made

part of this verified complaint, labeled "Exhibit B").

29.    That prior to the 25th day of August, 2017, an unidentified undercover police
officer

arrived at plaintiff Moore's place of residency inquiring about purchasing illegal drugs

during which time plaintiff Moore rebuked the undercover police officer's and informed

the undercover police officer to remove himself from off of the property.

30.    On the 25th day of August, 2017, defendant M. Banas along with several other

members of defendant Joliet Police Department accompanied by a Deputy Sheriff Police

Officer of the Will County Sheriff Department whom carried out a forcible entry/raid into

plaintiff Moore's place of residency under the pretense of seeking alleged illegal drugs

inside of plaintiff Moore's place of residency.

31.    There did not exist any probable cause or any other lawful justification either for

defendant Joliet Police Department or for the Will County Sheriff's Office to reasonable

believe that any form of illegal drug trafficking either had, or was occurring at plaintiff

Moore's place of residency.

32.     During the incident occurring on August 25, 2017, various members of defendant

Joliet Police Department, including defendant M. Banas, seized seven (7) puppies and

four (4) grown dogs from the personal possession of plaintiff Moore.

33.     There did not exist any probable cause or any other lawful justification for the

seizure of plaintiff Moore's eleven (11) dogs.

34.     Neither did defendant Joliet Police Department, nor did Will County Sheriff's

Department ever afford plaintiff Moore with any inventory documentation relative to the

unwarranted seizure of the eleven (11) dogs.

13.

34.     That on the same August 25, 2017 date, defendant Payne verbally informed

plaintiff Moore that he was not being charged with any type of criminal offenses while

indicating that that could change, as well as informed plaintiff Moore they did not see any

wrongdoing with him toward his dogs and that during the next business day plaintiff

Moore would be able to regain personal possession of his dogs from Joliet Township

Animal Control.

36.     Subsequent to the unwarranted seizure of plaintiff Moore's eleven dogs. Defendant

Eric Payne wrote up a report which falsely claimed that he was informed by plaintiff

Moore that the grown dogs had never been subject to examination by any veterinarian

clinics.

37.     Defendant Payne's false report was subsequently submitted to the Will county

State's Attorney Office

38.     That at no time had plaintiff Moore informed defendant Payne that the grown dogs

had never been subject to any type of examination by any veterinarian clinic.

39.    On or about the 31st day of August, 2017. Defendant M. Banas wrote up and filed

Five (5) false criminal charges alleging that on the 25th day of August, 2017 that plaintiff

Moore had committed the criminal offenses of (1) Unlawful Possession of Drug

Paraphernalia (Class A Misdemeanor), (2) Possession of Certain Dogs By A Felon (Class

A Misdemeanor), (3) Violation of Owner's Duties (Class B Misdemeanor), (4) Violation

of Owner's Duties (Class B Misdemeanor), and (5)Violation of Owner's Duties (A true

and accurate copy of defendant Banas's August 31, 2017 (false) criminal charges are

attached hereto and made part of this verified complaint, labeled "Exhibit C").

14.

40.    There did not exist any probable cause or any other lawful justification for

defendant Banas to file any of the five (5) criminal charges against plaintiff Moore.

41.    On or about the 15th day of November, 2018, plaintiff Moore was driving plaintiff

Young's vehicle along East Washington Street and Briggs Street. Defendant Gonzales

executed at traffic stop of plaintiff Moore.

42.    That after plaintiff Moore pulled into the parking lot of Briggs Market

Convenient Store. Defendant Gonzales asked plaintiff Moore to produce identification

and instructed  plaintiff Moore to step out of the vehicle and to walk to the rear of the

vehicle.

43.    While plaintiff Moore stood at the rear of the vehicle, defendant Gonzales

physically seized hold of plaintiff Moore's person and forcible body slammed plaintiff

Moore, face first down upon the pavement of the parking lot, and tightly locked

handcuffs upon plaintiff Moore's wrist.

44.    After plaintiff Moore's inability to produce a drivers' license defendant Gonzales

inquired of plaintiff Moore about the identity of the owner of the vehicle. Plaintiff Moore

informed defendant Gonzales that plaintiff Young was the actual owner of the vehicle,

and plaintiff Moore provided defendant Gonzales with plaintiff Young's car registration

and car insurance documents.

45.     That without first extending plaintiff Young the courtesy of being telephoned called

to afford her with an opportunity to come to the scene of the incident in order to take

personal possession of her  vehicle. Defendant Gonzales immediately summons CR

Towing and Recovery for causing plaintiff Young's vehicle to be seized, towed and

impounded by CR Towing and Recovery.
                                                          15.
46.     That after the unlawful towing of plaintiff Young's vehicle. Defendant Gonzales

transported plaintiff Moore to the Will County Adult Detention Facility where plaintiff

Moore was detained for three to four hours after being booked and charged with allegedly

committing the offenses of  Resisting Arrest and charged with Not Having Identification

On Person.

47.     Prior to plaintiff Moore's release from Will County Sheriff Police custody, he was

afforded a I-Bond and charge only with having committed the offense of Failure To

Produce Identification and he was released from custody at the Will County Adult

Detention Facility

48.      During the twenty-four (24) hours impounding of plaintiff Young's vehicle. She

had to forego the expense of hiring a Uber Transporter for being transported  from 1912

East Washington Street in Joliet to and from her place of  employment, The Learning

Experience, located in the Municipality of Lemont.

49.    On or about the 16th day of November, 2018, plaintiff Young incurred additional

financial expense by having to hire a Uber Transporter to transport her to CR Towing

and Recovery Company where she was required to pay a sum of One Hundred & Eighty

Dollars to re-obtain personal possession of her vehicle from being impounded at  CR

Towing and Recovery Company.

50.     That on or about the 28th  day of March, 2019, during the early morning hours

between 4:00p.m. and 4:30p.m.,  without knocking on the  door and without announcing

whom they were, several Will County Deputy Police Officers unlawfully kicked in the

door and unlawfully entered into plaintiff Moore and plaintiff Young's place of residence

16.

at 1912 East Washington Street, while plaintiff Young was inside alone by herself along

with her two pet dogs.

51.     One of the unlawfully intruding Will County Deputy Police Officers stated that

they had a search warrant for defendant Moore.

52.     That after plaintiff Young demanded to be shown said search  warrant document,

one of the unlawfully intruding Will County Deputy Sheriff Police Offices threw a paper

document of some sort down upon kitchen counter.

53.     The document did not have any information written upon it, and the document was

titled,  Claim for Damage, Injury or Death, Standard Form 95  (REV. 2/2007) Prescribed

By Department of Justice (A true and accurate copy of the document which the Will

County  Sheriff Deputy Police Officer's thrown on the kitchen counter is attached hereto

and made part of this  complaint, labeled "Exhibit D").

54.     After realizing that plaintiff Moore was not at the 1912 East Washington Street

residence. The unlawfully intruding Will County Deputy Sheriff Police Officers aka the Jump Out Boys, informed plaintiff Young that they could come into her place of residence any time which they chose to do so, and then they left.

55.     That three (3) days after having had paid for repair materials and labor cost to fix the door that was severely damaged by the unlawfully intruding Will County Deputy Sheriff Police Officers aka the Jump Out Boys. The back door of plaintiff Young's 1912 East Washington Street residence had been kicked in again causing the exact same damaged that was done when the unlawfully intruding Will County Deputy Sheriff Police Officers kicked the back door when they claimed that they had a search warrant for plaintiff Moore.

17.

56.     That on or about the 2nd day of April, 2019, plaintiff Young made telephone call contact with the Municipality of Joliet's non emergency and asked them if they had any record of a search warrant being issued for service upon the residence of 1912 East Washington Street.

57.     The Municipality of Joliet's non emergency personnel informed plaintiff Young that no such documents existed in their files and instructed plaintiff Young to contact the Warrant Division regarding any other questions she may have had.

58.     Plaintiff Young subsequently made telephone call contact with Will County non emergency number to have sheriff's dispatched to residence to take a incident report for documentation for property being damaged again.

59.     The Will County Sheriff's Department dispatched officers refused write-up a incident report and informed plaintiff Young that they won't write any documentation because she was not the actual home owner and that it would have to be the

responsibility of plaintiff Moore since he was actual home owner.

60.    The exact  same Will County Deputy Sheriff Police Officers whom were

dispatched to respond to  plaintiff Young's request  to have  incident report taken were

were the exact same Will County Deputy Sheriff Police Officers whom were involved in

the unlawful intruding into the house between 4:00am and  4:30a.m. a few days prior.

61.    Derrick T. Moore and Samantha Young declare under penalty of perjury under the

Laws of the United States of American that the above statements are rue, correct and

accurate.

62.    Derrick T. Moore and Samantha Young further declare under penalty of perjury

under the Laws of the United States of America that the documents attached to this

18

verified complaint cited as Exhibits "A – C" are actual copies of the documents which

they purport to be and are kept as daily business records at the Circuit Court of the

Twelfth Judicial Circuit Will County, Illinois located at 14 West Jefferson Street in the

Municipality of Joliet, Illinois 60432.

63.    Samantha Young further declare under penalty of perjury under the Laws of the

United States of American that the documents attached to this verified complaint cited as

"Exhibit D" is an actual copy of the documents which the unknown Will County

Sheriff Deputy Police Officer threw on the kitchen counter during the incident occurring

On the 28th day of March, 2019.

FURTHER DECLARANTS SAITH NOT


Executed on  _____          _____

                                        Derrick T. Moore

_Samantha Young_
Samantha Young

19.
## STATEMENT OF CLAIMS

### COUNT  I

**Title 42 U.S.C. Section 1983 – Fourth Amendment Violation claim**
**(Defendants M. Banas Star # 325, and Payne  Star # 141)**

### COUNT   II

**Title 42 U.S.C. Section 1985(3)-**
**Fourteenth Amendment Equal Rights Under The Law Violation Claim**
**(Defendants Sarah Gimbel, Nikki Ormsby, Kimberly Pearson)**

### COUNTS  III

**Title 42 U.S.C. Section 1983 - _Monell_ Claim**

**Failure To Properly Train, Supervise, Control and Discipline**
**(Defendant Joliet Police Department)**

## COUNT   IV

**Title 42 U.S.C. Section 1983-**
**Fourteenth Amendment- Equal Protection of The Laws Violation Claim**
**(Defendants Kimberly Fladhammer, Jacob P. Kreutzer, Jaclyn J. Hilderbrand**
**Chelsea R. Selvey)**

## COUNT  V

**Title 42 U.S.C. Section 1981(a)**
**Discrimination Against the Full and Equal Benefit of All Laws Violation Claim**
**(Defendants Chenoa Avery, Aristoclis Theodorou, Tony Purrazzo))**

## COUNT  VI

**Title 42 U.S.C. Section 1983-**
**Fourth Amendment- Unlawful Seizure Violation Claim**
**(Defendant Paul Gonzalez)**

## COUNT   VII

**Title 42 U.S.C. Section 1983**
**Fourth Amendment- Unlawful Entry Violation Claim**
**(Defendants Unknown Will County Sheriff Deputy Police Officers)**

## COUNT   VIII

**Intentional Infliction of Emotional Distress – State law Violation Claim**

**(Defendants Unknown Will County Sheriff Deputy Police Officers)**